AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 21-sc-135 |
| INFORMATION ASSOCIATED WITH ONE APPLE ID ACCOUNT | ) |
| THAT IS STORED AT PREMISES CONTROLLED BY APPLE INC. | ) |
| PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF | ) |
| VIOLATIONS OF 18 U.S.C. 1752 | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Information associated with the Apple Account associated with the Apple ID: Nick.Ochs@gmail.com, which is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California, (as further described in the attached affidavit in support of search warrant, incorporated fully herein, including Attachment A).

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud the United States |
| 18 U.S.C. § 372 | Conspiracy |
| 18 U.S.C. § 1512(c)(2) | Obstructs, influences, or impedes any official proceeding |
| 18 U.S.C. § 1752(a) | Unlawful Entry into Restricted Buildings or Grounds |

The application is based on these facts:

See attached Affidavit.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Roger Dean, FBI Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date:  _____ 01/15/2021 _____

_____
*Judge's signature*

City and state:  _____ Washington, D.C. _____

G. Michael Harvey,U.S. Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.  21-sc-135 |
| INFORMATION ASSOCIATED WITH ONE APPLE ID ACCOUNT | ) | |
| THAT IS STORED AT PREMISES CONTROLLED BY APPLE INC. | ) | |
| PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF | ) | |
| VIOLATIONS OF 18 U.S.C. 1752 | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____

*(identify the person or describe the property to be searched and give its location)*:

Information associated with the Apple Account associated with the Apple ID: Nick.Ochs@gmail.com, which is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California,(as further described in the attached affidavit in support of search warrant, incorporated fully herein, including Attachment A).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____January 29, 2021_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____G. Michael Harvey_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      01/15/2021

City and state:      Washington, D.C.

_____
*Judge's signature*

G. Michael Harvey ,U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 21-sc-135 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to information associated with the Apple Account associated with the Apple ID: Nick.Ochs@gmail.com, which is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California.

**ATTACHMENT B**

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

**I.     Information to be disclosed by Apple Inc. ("PROVIDER") to facilitate execution of
the warrant**

To the extent that the information described in Attachment A is within the possession,

custody, or control of Apple, regardless of whether such information is located within or outside

of the United States, and including any emails, records, files, logs, or information that has been

deleted but is still available to Apple, or has been preserved pursuant to a request made under 18

U.S.C. § 2703(f) on January 11, 2021, Apple is required to disclose the following information to

the government for each account or identifier listed in Attachment A:

a.      All records or other information regarding the identification of the account, to

include full name, physical address, telephone numbers, email addresses (including primary,

alternate, rescue, and notification email addresses, and verification information for each email

address), the date on which the account was created, the length of service, the IP address used to

register the account, account status, associated devices, methods of connecting, and means and

source of payment (including any credit or bank account numbers);

b.      All records or other information regarding the devices associated with, or used in

connection with, the account (including all current and past trusted or authorized iOS devices and

computers, and any devices used to access Apple services), including serial numbers, Unique

Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers

("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers

("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"),

Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber

Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

c.     The contents of all emails associated with the account, from **January 1, 2020, though present**, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

d.     The contents of all instant messages associated with the account from **January 1, 2020, though present**, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

e.     The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f.      All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g.      All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h.      All records pertaining to the types of service used;

i.      All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

j.      All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

Apple is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant set forth above via United States mail, courier, or e-mail to the following:

FBI Washington Field Office – Northern Virginia Resident Agency
ATTN: Roger Dean
601 4th Street, NW
Washington, DC 20535-0001
rrdean@fbi.gov

**II.      Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. §§ 371, 372, 1512(c)(2), and 1752(a), as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d) Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e) Evidence regarding OCHS's intent to disrupt or interfere with the Joint Session of the United States Congress on January 6, 2021;

(f) Information regarding OCHS's plan to travel to and from Washington, D.C., for the time period including January 6, 2021;

20

(g) Information regarding OCHS's intent to incite, organize, promote, encourage or participate in a riot or civil disorder in Washington, D.C. for the time period including January 6, 2021;

(h) Evidence of OCHS's intent to "stop the steal" or otherwise object to, or interfere with, the 2020 U.S. Presidential Election results;

(i) Evidence of OCHS's or other individual's entrance into the Capitol on January 6, 2021, including but not limited to photographs, video, social media postings, and communications about said conduct; and

(j) Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

### III.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH OF** | ) | |
| **INFORMATION ASSOCIATED WITH ONE** | ) | |
| **APPLE ID ACCOUNT THAT IS STORED AT** | ) | **Case No.** _21-sc-135_ |
| **PREMISES CONTROLLED BY APPLE INC.** | ) | |
| **PURSUANT TO 18 U.S.C. 2703 FOR** | ) | |
| **INVESTIGATION OF VIOLATIONS OF 18** | ) | |
| **U.S.C. 1752** | ) | |
| | ) | |

*Reference:*    *USAO Ref. #2021R00162; Subject Account(s): Apple ID:*
*Nick.Ochs@gmail.com*

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Roger R. Dean, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with one Apple Inc. ("PROVIDER")—that is Apple ID: Nick.Ochs@gmail.com (the "SUBJECT ACCOUNT")—that is stored at premises owned, maintained, controlled, and operated by Apple Inc. ("Apple"), an electronic communications service and/or remote computing service provider headquartered at One Apple Park Way, Cupertino, California.  The information to be searched is described in the following paragraphs and in **Attachment A**.  The items to be seized are described in the following paragraphs and **Attachment B**.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require PROVIDER to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment

1

B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have held this position since July of 2015. I am currently assigned to a squad that investigates violent gang and drug criminal enterprises out of the Northern Virginia Resident Agency of the Washington, D.C. Field Office of the FBI.

3.      The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation from other individuals, including other law enforcement officers, as well as my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for the search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 371, 372, 1512(c)(2), and 1752(a) have been committed by NICHOLAS OCHS ("OCHS") and that the Apple account associated with Apple ID: Nick.Ochs@gmail.com (the "SUBJECT ACCOUNT") will contain evidence, fruits and instrumentalities of the offenses under investigation.   There is also probable cause to search the information described in Attachments A for evidence of these crimes, as described in Attachments B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is a "district court of the United States … that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## PERTINENT FEDERAL STATUTES AND DESIGNATIONS

6.      18 U.S.C. § 1752(a) makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a restricted building includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

7.      18 U.S.C. § 1512(c)(2) criminalizes corruptly obstructing, influencing, or impeding any official proceeding or attempting to do so.

8.      18 U.S.C. § 372 makes it unlawful for two or more persons to prevent, by force (including by intimidation or threat), any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof.

9.      Finally, 18 U.S.C. § 371 criminalizes conspiracies to violate the laws of the United states.

**PROBABLE CAUSE**

10.     On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate chamber.

11.     With the joint session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows.

4

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

12.     On January 6, at 4:13 p.m., OCHS, a resident of Hawaii, posted a photograph to his Twitter account, @OchsForHawaii, with the caption, "Hello from the Capital lol," which appears to depict OCHS and another individual smoking cigarettes inside the Capitol (*see* https://twitter.com/OchsForHawaii/status/1346927847361966088).   The picture and post were uploaded from OCHS' iPhone.  OCHS later admitted to a CNN reporter that he entered the Capitol. CNN published a photograph that appears to depict OCHS in the crowd walking through the Capitol's halls.

13.     On January 6, 2021, another Twitter commented on OCHS' Tweet referenced in paragraph 9, stating "Can't wait until you're prosecuted and sentenced.  Hopefully to the fullest extent of the law."  On January 6, 2021 at 4:19 p.m., OCHS, replied on Twitter to that user "Lmao" which       stands       for       "laughing       my       ass       off."       (s*ee* *https://twitter.com/OchsForHawaii/status/1346929305578831873*).

14.     OCHS told CNN, "We didn't have to break in, I just walked in and filmed."  In fact, some rioters pushed over barricades and shoved police officers out of the way to enter the Capitol, while others scaled walls and broke windows.  Once inside, Ochs told CNN, "There were thousands of people in there -- they had no control of the situation. I didn't get stopped or

questioned."  OCHS also reportedly told CNN that he was working as a "professional journalist" and did not enter any of the offices or the chambers.  OCHS is not listed as a credentialed reporter with the House Periodical Press Gallery or the U.S. Senate Press Gallery, the organizations that credential Congressional correspondents.

15.     According to interviews he has given the media, OCHS is the leader and founder of a Hawaii chapter of the "Proud Boys" organization.  OCHS also has "PROUD BOY" tattooed on his right forearm.  The Proud Boys have been vocal since the 2020 U.S. Presidential Election in calling for action over the false claims that President Trump lost the election due to widespread voter fraud.  Some members have advocated for violent action to achieve these ends.  Self-identified members of the Proud Boys descended on Washington, D.C., earlier this week, as part of activities planned to protest the certification of the 2020 U.S. Presidential Election results.

16.     On November 16, 2020, OCHS made a post to the social media site Parler, in which he forwarded a Tweet by President Trump declaring, "I WON THE ELECTION!" and OCHS stated, "Show this tweet to leftists and say they won't do shit when he just keeps being president. Don't say it was stolen or rigged.  Just say we're doing it and they won't fight back.  They are getting scared, and they don't function when they're scared."

17.     After leaving the Capitol on January 6, 2021, OCHS posted a video to his account on the social media site Telegram, which was then posted on Twitter by the Evidence-Based Cybersecurity Research Group (@evidencebasedc1).[1]  The video, which OCHS appears to have recorded on a cell phone, shows OCHS and an acquaintance walking down a sidewalk in front of

---

[1]  @evidencebasedc1 is the official Twitter account for the Evidence-Based Cybersecurity Research Group, a research group that is part of the Georgia State University system which "seeks to produce empirical evidence and provide systematic reviews of existing empirical research regarding the potential effect of existing cyber-security policies and tools in preventing the development and progression of cyber crimes"  *See https://ebcs.gsu.edu/about/.*

some row homes.  OCHS states, "Viewers, . . . we have some good news:  . . .  We have just, uh, peeked through this window, and on the television the headline reads that Congress stopped the vote when we stormed the Capitol.  And, as we've been saying all day, we came here to stop the steal.  We were being sarcastic, but we didn't know we were actually going to . . . ."  OCHS' companion then asks, "Wait, you were being sarcastic?"  OCHS replies, "I was being a bit facetious . . . ."  OCHS concludes by saying words to the effect of, "It may resume, but the steal is for now stopped.  You're welcome, America!"

18.     I have identified OCHS as the person in the photograph posted to the aforementioned @OchsforHawaii Twitter Account from January 6th inside the Capitol, and to the video posted to his Telegram account after storming the Capitol, not only from context, but also from comparing the photograph/video with photographs of OCHS from his 2020 bid for election to the Hawaii State Legislature.  OCHS ran for election to be the Republican representative for Hawaii House District 22.

19.     On January 7, 2021, as OCHS was returning from his trip to Washington, D.C., OCHS was arrested in Hawaii upon a warrant and complaint charging him with one count of Unlawful Entry into Restricted Buildings or Grounds, in violation of Title 18, United States Code, Section 1752.

20.     Upon a search incident to arrest, law enforcement learned that OCHS had an Apple i-Phone in his possession. Law enforcement has obtained a search warrant to forensically examine that phone; however, efforts to search that phone are ongoing.  The phone is locked, and law enforcement is making efforts to determine whether the data on the phone can be forensically examined nonetheless.

21.     Law enforcement has obtained records from Apple regarding defendant OCHS' account.  Based on these records, it appears that OCHS' phone accesses the i-Cloud on a regular basis and was doing so on both January 6, 2021, and January 7, 2021, among many other days.

22.     OCHS' i-Cloud account also was accessed on January 10, 2021, while OCHS was still in custody, and on January 11, 2021, the day that OCHS had a Rule 5 hearing in Hawaii and was released.  It is not clear why someone was accessing OCHS' account on those dates.

## **BACKGROUND CONCERNING APPLE**[2]

23.     Apple is a United States company that produces the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

24.     Apple provides a variety of services that can be accessed from Apple devices or, in some cases, other devices via web browsers or mobile and desktop applications ("apps").  As described in further detail below, the services include email, instant messaging, and file storage:

        a.     Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com.

        b.     iMessage and FaceTime allow users of Apple devices to communicate in real-time.  iMessage enables users of Apple devices to exchange instant messages ("iMessages")

---

[2]     The information in this section is based on information published by Apple on its website, including, but not limited to, the following document and webpages: "U.S. Law Enforcement Legal Process Guidelines," available at https://www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf; "Create and start using an Apple ID," available at https://support.apple.com/en-us/HT203993; "iCloud," available at http://www.apple.com/icloud/; "What does iCloud back up?," available at https://support.apple.com/kb/PH12519; "iOS Security," available at https://www.apple.com/business/docs/iOS_Security_Guide.pdf, and "iCloud: How Can I Use iCloud?," available at https://support.apple.com/kb/PH26502.

containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct audio and video calls.

      c.    iCloud is a cloud storage and cloud computing service from Apple that allows its users to interact with Apple's servers to utilize iCloud-connected services to create, store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device.  For example, iCloud Mail enables a user to access Apple-provided email accounts on multiple Apple devices and on iCloud.com.  iCloud Photo Library and My Photo Stream can be used to store and manage images and videos taken from Apple devices, and iCloud Photo Sharing allows the user to share those images and videos with other Apple subscribers. iCloud Drive can be used to store presentations, spreadsheets, and other documents.  iCloud Tabs and bookmarks enable iCloud to be used to synchronize bookmarks and webpages opened in the Safari web browsers on all of the user's Apple devices.  iCloud Backup allows users to create a backup of their device data.  iWork Apps, a suite of productivity apps (Pages, Numbers, Keynote, and Notes), enables iCloud to be used to create, store, and share documents, spreadsheets, and presentations.  iCloud Keychain enables a user to keep website username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

      d.    Game Center, Apple's social gaming network, allows users of Apple devices to play and share games with each other.

      e.    Find My iPhone allows owners of Apple devices to remotely identify and track the location of, display a message on, and wipe the contents of those devices.  Find My Friends allows owners of Apple devices to share locations.

f.      Location Services allows apps and websites to use information from cellular, Wi-Fi, Global Positioning System ("GPS") networks, and Bluetooth, to determine a user's approximate location.

g.      App Store and iTunes Store are used to purchase and download digital content.  iOS apps can be purchased and downloaded through App Store on iOS devices, or through iTunes Store on desktop and laptop computers running either Microsoft Windows or Mac OS. Additional digital content, including music, movies, and television shows, can be purchased through iTunes Store on iOS devices and on desktop and laptop computers running either Microsoft Windows or Mac OS.

25.     Apple services are accessed through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services.  The account identifier for an Apple ID is an email address, provided by the user.  Users can submit an Apple-provided email address (often ending in @icloud.com, @me.com, or @mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail).  The Apple ID can be used to access most Apple services (including iCloud, iMessage, and FaceTime) only after the user accesses and responds to a "verification email" sent by Apple to that "primary" email address.  Additional email addresses ("alternate," "rescue," and "notification" email addresses) can also be associated with an Apple ID by the user.  A single Apple ID can be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

26.     Apple captures information associated with the creation and use of an Apple ID. During the creation of an Apple ID, the user must provide basic personal information including the user's full name, physical address, and telephone numbers.  The user may also provide means of payment for products offered by Apple.  The subscriber information and password associated

with an Apple ID can be changed by the user through the "My Apple ID" and "iForgot" pages on Apple's website.  In addition, Apple captures the date on which the account was created, the length of service, records of log-in times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to and utilize the account, the Internet Protocol address ("IP address") used to register and access the account, and other log files that reflect usage of the account.

27.     Additional information is captured by Apple in connection with the use of an Apple ID to access certain services.  For example, Apple maintains connection logs with IP addresses that reflect a user's sign-on activity for Apple services such as iTunes Store and App Store, iCloud, Game Center, and the My Apple ID and iForgot pages on Apple's website.  Apple also maintains records reflecting a user's app purchases from App Store and iTunes Store, "call invitation logs" for FaceTime calls, "query logs" for iMessage, and "mail logs" for activity over an Apple-provided email account.  Records relating to the use of the Find My iPhone service, including connection logs and requests to remotely lock or erase a device, are also maintained by Apple.

28.     Apple also maintains information about the devices associated with an Apple ID. When a user activates or upgrades an iOS device, Apple captures and retains the user's IP address and identifiers such as the Integrated Circuit Card ID number ("ICCID"), which is the serial number of the device's SIM card.  Similarly, the telephone number of a user's iPhone is linked to an Apple ID when the user signs into FaceTime or iMessage.  Apple also may maintain records of other device identifiers, including the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), and the serial number.  In addition, information about a user's computer is captured when iTunes is used on that computer to play content associated with an Apple ID, and information about a user's web browser may be captured when used to access

11

services through icloud.com and apple.com.  Apple also retains records related to communications between users and Apple customer service, including communications regarding a particular Apple device or service, and the repair history for a device.

29.     Apple provides users with five gigabytes of free electronic space on iCloud, and users can purchase additional storage space.  That storage space, located on servers controlled by Apple, may contain data associated with the use of iCloud-connected services, including: email (iCloud Mail); images and videos (iCloud Photo Library, My Photo Stream, and iCloud Photo Sharing); documents, spreadsheets, presentations, and other files (iWork and iCloud Drive); and web browser settings and Wi-Fi network information (iCloud Tabs and iCloud Keychain).  iCloud can also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message Service ("SMS") and Multimedia Messaging Service ("MMS") messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, Apple Watch backups, and other data.  Records and data associated with third-party apps may also be stored on iCloud; for example, the iOS app for WhatsApp, an instant messaging service, can be configured to regularly back up a user's instant messages on iCloud Drive.  Some of this data is stored on Apple's servers in an encrypted form but can nonetheless be decrypted by Apple.

30.     In my training and experience, evidence of who was using an Apple ID and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above.  This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

31.     For example, the stored communications and files connected to an Apple ID may provide direct evidence of the offenses under investigation.  Based on my training and experience, instant messages, emails, voicemails, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.  In this matter, law enforcement knows that OCHS posted photographs and videos of himself inside the Capitol using his i-Phone.  He also made posts to social media discussing his intention to go to Washington, D.C., for the events of January 6, 2021, and discussing his views on the election whose results were being certified inside the U.S. Capitol that day.

32.     In addition, the user's account activity, logs, stored electronic communications, and other data retained by Apple can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time.  As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account.  Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

33.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan

to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

34.     Other information connected to an Apple ID may lead to the discovery of additional evidence.  For example, the identification of apps downloaded from App Store and iTunes Store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators.  In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

35.     Therefore, Apple's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Apple's services.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

36.     Therefore, the computers of Apple are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Apple, such as account access information, transaction information, and other account information.

**REQUEST TO SUBMIT WARRANT BY TELEPHONE
OR OTHER RELIABLE ELECTRONIC MEANS**

37.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Search Warrant. I submit that Assistant U.S. Attorney Kathryn  Rakoczy, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

## CONCLUSION

38.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.


Respectfully submitted,

_____

Roger A. Dean
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me via telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on January 15, 2021.


_____

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by _____ ("PROVIDER"), and my title is _____. I am a custodian of records for PROVIDER, and I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of PROVIDER.  The attached records consist of:

_____

[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]

I further state that:

a.        all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of PROVIDER, and they were made by PROVIDER as a regular practice; and

b.        such records were generated by PROVIDER's electronic process or system that produces an accurate result, to wit:

1.        the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of PROVIDER in a manner to ensure that they are true duplicates of the original records; and

2.        the process or system is regularly verified by PROVIDER, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____        _____

Date                                        Signature

23